IN THE UNITED STATES COURT OF FEDERAL CLAIMS

GOLDEN FEATHER REALTY SERVICES, INC., )
)
Plaintiff, )
) No. 06-479C
v. ) (Judge Charles F. Lettow)
)
THE UNITED STATES, )
)
Defendant. )
)

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

For its answer to the numbered paragraphs of the complaint, defendant admits, denies and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

2. Admits the allegations contained in the first sentence of paragraph 2 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 2. The allegations contained in the second sentence of paragraph 2 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

3. Denies.

4. The allegations contained in paragraph 4 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

5. Denies the allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. Admits.

7. Admits the allegations contained in paragraph 7 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 8.

9. Admits.

10. Admits the allegations contained in paragraph 10 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits.

13. Admits.

14. Admits the allegations contained in paragraph 14 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 14.

15. Admits.

16. Admits the allegations contained in paragraph 16 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegations contained in paragraph 22 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 27.

28. Admits the allegations contained in paragraph 28 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 28.

29. Admits the allegations contained in paragraph 29 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30. Admits the allegations contained in paragraph 30 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 30.

31. Admits the allegations contained in paragraph 31 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 31.

32. Admits.

33. Denies.

34. The allegations contained in paragraph 34 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

35. The allegations contained in paragraph 35 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

36. The allegations contained in paragraph 36 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

37. Admits the allegations contained in paragraph 37 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 37.

38. Admits the allegations contained in paragraph 38 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 38.

39. Admits the allegations contained in paragraph 39 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 39.

40. The allegations contained in paragraph 40 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

41. The allegations contained in paragraph 41 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

42. The allegations contained in paragraph 42 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

43. Admits the allegations contained in paragraph 43 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 43.

44. Admits the allegations contained in paragraph 44 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 44.

45. Admits.

46. The allegations contained in paragraph 46 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

47. The allegations contained in paragraph 47 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

48. Admits.

49. Admits the allegations contained in paragraph 49 except with respect to Option Year 4 under Contract No. C-OPC-21336. The allegation pertaining to Option Year 4 under Contract No. C-OPC-21336 constitutes a conclusions of law to which no answer is required; to the extent it is deemed an allegation of fact, it is denied.

50. Admits.

51. Admits.

52. Admits.

53. Admits the allegation contained in paragraph 53 to the extent that Global alleges that HUD ordered properties during the "Extended Service" period. The remaining allegations contained in paragraph 53 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

54. Admits the allegation contained in paragraph 54 to the extent that Global alleges that HUD ordered properties during the "Transition Out Period." The remaining allegations contained in paragraph 54 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

55. Admits.

56. Admits.

57. Admits.

58. The allegations contained in paragraph 58 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

59. The allegations contained in paragraph 59 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

60. Admits the allegation contained in paragraph 60 that Golden Feather submitted claims to HUD dated January 10, 2005. The remaining allegations contained in paragraph 60 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

61. Admits the allegations contained in the first sentence of paragraph 61 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise

denies the allegations contained in the first sentence of paragraph 61. The allegations contained in the second sentence of paragraph 61 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

62. Denies the allegations contained in paragraph 62 for lack of knowledge or information sufficient to form a belief as to their truth.

63. Denies the allegations contained in paragraph 63 for lack of knowledge or information sufficient to form a belief as to their truth.

64. Admits the allegations contained in the first sentence of paragraph 64. Denies the allegations contained in the second sentence of paragraph 64 for lack of knowledge or information sufficient to form a belief as to their truth.

65. Denies the allegation contained in the first sentence of paragraph 65 to the extent that Golden Feather alleges that it made all of its records available to the Defense Contract Audit Agency. Admits the allegations contained in the second sentence of paragraph 65.

66. Admits the allegations contained in paragraph 66 to the extent supported by the referenced document, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 66.

67. Defendant incorporates by reference its responses contained in paragraphs 1 through 66 of its answer as though fully set forth here.

68. The allegations contained in paragraph 68 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

69. The allegations contained in paragraph 69 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

70. The allegations contained in paragraph 70 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

71. The allegations contained in paragraph 71 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

72. Defendant incorporates by reference its responses contained in paragraphs 1 through 71 of its answer as though fully set forth here.

73. The allegations contained in paragraph 73 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

74. The allegations contained in paragraph 74 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

75. Defendant denies the plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 75, or to any relief whatsoever.

76. Defendant denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

OF COUNSEL:

KIMBERLY Y. NASH
Procurement & Administrative
Law Division
U.S. Department of Housing
and Urban Development
751 7th Street, SW
Washington, DC 20410

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

August 10, 2006

Attorneys for Defendant