IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GOLDEN FEATHER REALTY SERVICES, INC., | ) | |
| Plaintiff, | ) | No. 06-479C (Judge Charles F. Lettow) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A, paragraph III, 4, of the Rules of the United States Court of Federal Claims ("RCFC"), the parties file the following joint preliminary status report:

(a) Jurisdictional Basis Upon Which Plaintiff Relies

Plaintiff's action arises pursuant to two express contracts between Golden Feather Realty Services, Inc. ("GFR") and the United States, through the Department of Housing and Urban Development ("HUD"). The action is brought on an appeal from a final decision of the contracting officer, dated March 3, 2006, denying GFR's certified claims. GFR states that this Court possesses jurisdiction to entertain this action pursuant to the Contract Disputes Act of 1978, 41 U.S.C. §§ 601-13, and the Tucker Act, as amended, 28 U.S.C. § 1491. Defendant is currently not aware of any reason why this Court would not possess jurisdiction to entertain GFR's complaint.

(b) Consolidation

The parties do not believe that this case should be consolidated with any other case.

(c) Bifurcation

The parties are not aware of any reason why liability and damages should be tried

separately.

(d) Deferral

The parties do not believe that further proceedings in this action should be delayed pending consideration of another case before this Court or any other tribunal.

(e) Remand/Suspension

The parties do not intend to request remand or suspension.

(f) Joinder

The parties do not believe that additional parties should be joined.

(g) Dispositive Motions

GFR intends to file a motion for partial summary judgment, pursuant to RCFC 56, regarding (1) the Government's liability for breach of the two contracts and (2) the relevant contractual performance periods for determining whether HUD ordered the guaranteed minimum quantities. GFR expects to file this motion by May 15, 2007. The Government may file a motion for partial summary judgement, pursuant to RCFC 56, regarding those portions of GFR's claims addressing the Government's Extended Service and Transition Out periods. The Government may also file a motion to dismiss for failure to state a cause of action upon which relief can be granted GFR's claim for attorney's fees in this proceeding. While the parties agree that it is unlikely that other dispositive motions will be filed, the parties request that, on or before 30 days after the conclusion of discovery, they be allowed to file a status report regarding the appropriateness of filing any further dispositive motions.

(h) Relevant Issues

Plaintiff's Statement Regarding The Relevant Issues

GFR's Factual Issues

(1) What minimum quantities was HUD required to order during each performance period under the two contracts?

(2) What quantities did HUD actually order during each performance period under the two contracts?

(3) What are GFR's damages, including lost profits, resulting from HUD's failure to order guaranteed minimum quantities under the two contracts?

GFR's Legal Issues

(1) By failing to order guaranteed minimum quantities under the two contracts, did HUD breach the contracts, entitling GFR to damages?

(2) What are the performance periods for which HUD established separate guaranteed minimum quantities, and what are the guaranteed minimum quantities for each such period?

(3) Has GFR employed a reasonable method for calculating lost profits resulting from HUD's breaches of the contracts?

Defendant's Statement Regarding The Relevant Issues

Government's Factual Issues

(1.) What is the difference between the contractual minimum quantity and the actual quantity ordered for each option period under Contract No. C-OPC-21322 ("Contract C1") and Contract No. C-OPC-21336 ("Contract C2").

(2.) What is the appropriate average net sales price that should be used in calculating

lost profits for the "shortfall" properties.

(3.) What is the appropriate figure that should be used in calculating the revenue for the "shortfall" properties.

(4.) What is the estimated profit that GFR would have realized from the "shortfall" properties.

(5.) What is the total value of work ordered pursuant to Contract C1.

(6.) What is the total value of work ordered pursuant to Contract C2.

(5.) What is the appropriate method for calculating lost profits.

Government's Legal Issues

(1.) Whether the Government satisfied the guaranteed minimum quantity requirement under the contracts with the addition of properties during the Extended Service and Transition Out Periods.

(2.) Whether GFR sustained its burden of proof with respect to its claimed damages.

(3.) Whether GFR had a duty to mitigate its damages.

(4.) Whether GFR sustained its burden of proof with respect to mitigation of damages.

(5.) Whether the provisions of the Internal Revenue Service ("IRS") tax code applicable to publicly held corporations apply to "S" chapter corporations.

(6.) Whether treating executive compensation in excess of $1 million as dividends is allowable under the Federal Acquisition Regulation ("FAR").

(i) Advisability of ADR

GFR is willing to discuss settlement of this action for a fair and reasonable amount, and it

is willing to employ alternative dispute resolution ("ADR") procedures to attempt to resolve this dispute. However, the Government does not believe that it is currently in a position to pursue fruitful settlement discussions. The Government, therefore, does not believe that ADR is appropriate at this time. The parties will, however, continue to consider the possibility of settlement, and the use of ADR, throughout the proceedings.

(j) Possibility of Trial

If this case does not settle, or is not otherwise resolved upon dispositive motion, the parties will proceed to trial, which is expected to last from five to seven days. The parties agree that an expedited trial pursuant to paragraph 4(j) of Appendix A is not warranted. The Government believes that the earliest date that it could reasonably be expected to be ready for trial is March 2008. The parties request that the trial be held in Washington, D.C.

Joint Proposed Schedule

Designation of expert witnesses by December 1, 2006.

Exchange of documents by January 15, 2007.

Service of interrogatories and requests for admissions by February 15, 2007.

Completion of fact witness discovery by May 1, 2007.

Filing of dispositive motions by May 15, 2007.

Exchange of expert witness reports by June 1, 2007.

Exchange of expert rebuttal reports by August 1, 2007.

The completion of expert witness discovery by November 1, 2007.

(k) Electronic Filing

The parties are not aware of any special issues regarding electronic case management

needs.

(l) Additional Information

The parties are unaware of any other matters which should be brought to the Court's attention at this time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/James J. McCullough, Esq.
JAMES J. MCCULLOUGH, ESQ.
FRIED, FRANK, HARRIS, SHRIVER
& Jacobson LLP
1001 Pennsylvania Avenue, N.W.
Suite 800
Washington, D.C. 20004-2505
202-639-7000
202- 639-7003 (Fax)

Attorney for Plaintiff

Dated: September 28, 2006

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

Attorneys for Defendant

Dated: September 28, 2006