IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **GOLDEN FEATHER REALTY SERVICES, INC.,**<br>**Plaintiff,**<br>**v.**<br>**THE UNITED STATES OF AMERICA,**<br>**Defendant.** | **No. 06-479C**<br>**Judge Lettow** |

**CONSENT MOTION TO MODIFY NOVEMBER 9, 2006 PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims and paragraph 11 of the Protective Order issued by the Court on November 9, 2006, Plaintiff Golden Feather Realty Services, Inc. ("GFR") hereby respectfully moves this Court to modify the November 9, 2006 Protective Order as described below. Counsel for Defendant United States of America has consented to this Motion.

In support of this consent motion, GFR states as follows:

1. On November 2, 2006, counsel for GFR filed a Consent Motion for Entry of a Protective Order requesting that the Court issue a protective order to govern the confidentiality of documents in this action. The consent motion was docketed on November 6, 2006 and is attached hereto as Exhibit A.

2. Accompanying the consent motion was a "[Proposed] Protective Order" including provisions agreed to by counsel for GFR and the United States. *See* Exhibit A.

3. On November 9, 2006, this Court granted GFR's consent motion and issued the Protective Order attached hereto as Exhibit B.

4. It appears that the November 9, 2006 Protective Order closely tracks the standard protective order ("Form 8 -- Protective Order In Procurement Protest Cases") used by the Court of Federal Claims in procurement protest cases.

5. This action, however, is not a procurement protest matter. Rather, in this action, GFR alleges that Defendant United States of America breached two U.S. Department of Housing and Urban Development ("HUD") contracts with GFR, thereby resulting in damages to GFR. The only parties to this action are Plaintiff GFR and Defendant United States. Thus, GFR respectfully submits, many of the provisions in the Court's standard protective order issued in procurement protest cases are inapplicable or ill-suited to this breach of contract dispute between one private party and the United States.

6. In this regard, GFR has two primary reasons for seeking a modification of the current Protective Order: (1) GFR respectfully submits that the restrictions on access and use of documents containing protected information should apply equally to both parties to this breach of contract dispute; and (2) GFR respectfully submits that, because the parties here do not include private parties who are competitors, the rather elaborate and often burdensome requirements for exchanging and using protected information in procurement protest cases, where the parties are concerned with preventing other parties to the protest from gaining a competitive advantage through access to protected information, are not needed in this breach of contract case.

7. GFR respectfully requests that the Court modify the current Protective Order to reflect the specific changes identified in the "redlined" version of the November 9, 2006 Protective Order attached hereto as Exhibit C. Explanations for the specific changes requested herein are set forth below:

(a) GFR respectfully requests that the Court make two modifications to the opening paragraph in paragraph 2. The first modification would indicate that *both* parties to this litigation may only use protected information obtained during the course of this litigation for purposes of this litigation. The second modification would add a sentence allowing the parties to

use or disclose their own protected information without having to comply with the terms of the Protective Order.

(b) GFR respectfully requests that the Court modify Paragraph 2(b) to strike the requirement that persons gaining access to protected information execute the standard procurement protest "Application for Access to Information Under Protective Order" for counsel or retained experts (i.e., Form 9 or 10). In its place, GFR respectfully requests that witnesses, potential witnesses, or independent consultants or experts who are to be given access to protected information be required to execute the "Declaration of Confidentiality" as set forth in Exhibit D attached hereto. Because this litigation is not a procurement protest case, where the private parties to such cases are often properly concerned that sensitive business and competitive information not be provided to officers, directors, and employees of direct competitors, it is not necessary in this matter to so restrict access to protected information. As it now stands, the November 9, 2006 Protective Order would prevent officers and employees of GFR from gaining access to their own protected information without first executing an "Application." GFR also respectfully requests that paragraph 2(b) be modified to include a specified time period of five days for a party to lodge an objection to a person who has executed a Declaration.

(c) GFR respectfully requests that the Court modify paragraph 2(c) to conform with the change requested in the preceding paragraph, namely the elimination of the requirement for a person to be "admitted" under the Protective Order by executing one of the standard procurement protest forms.

(d) GFR respectfully requests that the Court modify paragraph 2(d) to ensure that both parties are subject to the same restrictions on disclosing the confidential information received from an opposing party. As it now stands, the November 9, 2006 Protective Order effectively exempts HUD and Department of Justice personnel from these restrictions, which, although perhaps appropriate in procurement protest cases, is inapposite here.

(e) GFR respectfully requests that the Court modify paragraph 3(a) to eliminate the need for the standard procurement protest legend on documents containing

protected information that are produced to a party in discovery. Instead, GFR proposes that the parties mark all such documents containing protected information as "Confidential." The requested modification also eliminates the need for the parties to identify the specific portion of those documents containing protected information.

(f) GFR respectfully requests that the Court modify paragraph 3(b) to require the standard Court of Federal Claims protective order legend for all documents containing protected information that are filed with the Court.

(g) GFR respectfully requests that the Court modify paragraph 4(b) to eliminate the need for the parties to exchange redacted versions of documents containing protected information when those documents are produced to the opposing party but not yet filed with the Court.

(h) GFR respectfully requests that the Court modify paragraph 6 to eliminate the restriction on the number of copies the parties may make of protected information.

(i) GFR respectfully requests that the Court modify paragraph 12 to conform with the requested modification to paragraph 4(b), which would eliminate the two-day period for exchanging redacted copies for materials produced to an opposing party but not yet filed with the Court.

WHEREFORE, for good cause shown, the parties have agreed to the entry of a modified Protective Order reflecting the modifications shown in Exhibit C attached hereto, and Plaintiff GFR hereby respectfully moves that the November 9, 2006 Protective Order be modified as described above.

Dated: November 30, 2006

Respectfully submitted,

/s/

James J. McCullough
FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP
1001 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C. 20004-2505
Telephone: 202-639-7000
Fax: 202-639-7003

Attorney for Golden Feather Realty Services, Inc.

281920

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 30th day of November 2006, I caused to be placed in the United States mail (first class mail, postage prepaid) a copy of the foregoing Consent Motion to Modify The November 9, 2006 Protective Order, addressed as follows:

Leslie Cayer Ohta
Trial Attorney
Commercial Litigation Branch
Civil Division
Attn: Classification Unit, 8th Floor
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
202-307-0252
202-307-0972 (fax)

/s/
Michael J. Anstett