IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**GOLDEN FEATHER REALTY SERVICES, INC.,**

**Plaintiff,**

**v.**

**THE UNITED STATES OF AMERICA,**

**Defendant.**

**No. 06-479C**
**Judge Lettow**

## CONSENT MOTION FOR ENTRY OF A PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims, Plaintiff Golden Feather Realty Services, Inc. ("GFR") hereby respectfully moves this Court to enter a Protective Order governing the confidentiality of documents in this action. Counsel for Defendant United States of America has consented to this Motion and to the attached proposed Protective Order.

In support of this consent motion, GFR states as follows:

1. In this action, GFR alleges that Defendant United States of America breached two U.S. Department of Housing and Urban Development ("HUD") contracts with GFR, thereby resulting in damages to GFR.

2. The contracts at issue in this action required GFR to provide management and marketing services for single family and multi-family properties owned by or in the custody of HUD in certain designated geographic service areas.

3. The contracts, which are multi-year, indefinite quantity contracts, were issued by HUD pursuant to a competition conducted under a Request for Proposals. Several other contracts also were issued to other offerors under the Request for Proposal, with each contract covering designated geographic service areas.

4. It is anticipated that the parties' discovery requests will entail the production of sensitive business information and trade secrets, as well as other confidential personal, commercial, financial, and proprietary information. Such discovery would seek documents and information that constitute information subject to protection by Rule 27(c) of this Court.

5. The sensitive business information, trade secrets, or other confidential information that the parties will be called upon to disclose include, *inter alia*, financial statements, income tax returns, technical and pricing proposals and related GFR internal documents regarding the performance of Government contracts and the submission of claims thereunder, employment records and agreements, payroll information, and other organizational and staffing information.

6. In light of the potential harm to the producing party or to others that would be caused by the disclosure of any sensitive business information, trade secrets, or other confidential information, the parties have agreed to the entry of the proposed Protective Order attached to this motion.

Wherefore, for good cause shown, the parties have agreed to the entry of a Protective Order, and Plaintiff GFR hereby respectfully moves that a Protective Order, in the form attached hereto, be entered in this case.

Dated: November 2, 2006

Respectfully submitted,

James J. McCullough
FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP
1001 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C. 20004-2505
Telephone: 202-639-7000
Fax: 202-639-7003

Attorney for Golden Feather Realty Services, Inc.

281063

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **GOLDEN FEATHER REALTY SERVICES, INC.,** <br> **Plaintiff,** <br> v. <br> **THE UNITED STATES OF AMERICA,** <br> **Defendant.** | ) | **No. 06-479C** <br> **Judge Lettow** |

**[PROPOSED] PROTECTIVE ORDER**

Before the Court is Plaintiff's Consent Motion for Entry of a Protective Order, filed on November 2, 2006. Pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims, Plaintiff requests that the Court enter a protective order governing the procedures and provisions for protecting the confidentiality of sensitive business information and trade secrets, as well as other confidential personal, commercial, financial, and proprietary information.

Good cause having been established, Plaintiff's Consent Motion for Entry of a Protective Order is GRANTED. In order to expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality, and to protect adequately any and all material entitled to be held confidential, the Court hereby orders as follows:

1. In responding to requests for discovery in the above-captioned action (the "Action"), any Party or non-Party who produces discovery material (a "Producing Party") may designate as confidential any document, which shall be defined to include deposition transcripts, testimony, documents, or other information or discovery material, that a Party reasonably believes contains any information, business or otherwise, of a proprietary or confidential nature by affixing to such material a legend, such as "Confidential" or other words of similar import, or, in the case of deposition testimony, as set forth in Paragraph 7 hereof. The materials so

designated also will render "Confidential" any copies, excerpts, summaries, or other disclosure of the substance or contents of such materials. Documents so marked and all information derived therefrom ("Confidential Material") shall be treated in accordance with the terms of this Protective Order. A Party may object to a designation of confidentiality within ten business days of the receipt of materials designated "Confidential." If a Party objects, and the Producing Party wishes to maintain the confidentiality designation, the Producing Party must apply to the Court for a protective order within ten business days of receipt of the objection. The materials shall be treated as Confidential Material under the terms of this Order pending the Court's ruling with respect to the motion for protective order.

2. Confidential Material may be used by the Party receiving such material (the "Receiving Party") only for the purpose of preparing for and conducting pretrial, trial, and appellate proceedings in the Action. No Party who is furnished Confidential Material shall disclose it to any person not entitled under this Protective Order to receive such Confidential Material without the prior written approval of the Producing Party, or its attorneys. Nothing in this Protective Order shall affect the Producing Party's right to use or disclose its own Confidential Material as it sees fit.

3. No Confidential Material shall be disclosed, divulged, revealed, described, transmitted, or otherwise communicated by a Receiving Party, or any other person, to any person other than: (a) attorneys, including inside and outside counsel, for any Party involved in the prosecution or defense of this action and their paralegal assistants, office clerks, and secretaries; (b) the officers, directors, partners, or employees of any Party to this action whose jobs require them to obtain this information; (c) experts or consultants retained by a Party to the extent necessary, and solely, for the purposes of assisting in prosecuting or defending the Action; (d) a witness or potential witness for the purposes of eliciting, preparing, or developing written or oral testimony in the Action; (e) the Court; (f) court reporters; and (g) copying, imaging, scanning, coding, and other reproduction or processing services to which Confidential Material is sent.

4. Prior to the Receiving Party giving access to Confidential Material or copies thereof to any person pursuant to Paragraph 3(a), (b), (c), (d), or (g) above, the person being granted access shall first be advised of the existence and contents of this Protective Order, acknowledge receipt of such advice, agree to be bound by the jurisdiction of this Court and the terms of this Protective Order, and sign the Declaration of Confidentiality in the form annexed hereto as Exhibit A, thereby agreeing to become a Receiving Party subject to the terms of this Protective Order. The signed Declaration of Confidentiality is to be provided to counsel for the Producing Party and a copy retained by counsel for the Receiving Party.

5. Unless otherwise agreed in writing in advance by counsel for the Producing Party, in the event the Receiving Party files with the Court any pleading, motion, exhibit, or other paper containing, affixing, or reflecting Confidential Material or excerpts or information derived from Confidential Material or testimony referring or relating to Confidential Material, such pleading, motion, exhibit, or paper shall be filed under seal and bear the following legend:

THIS DOCUMENT IS FILED UNDER SEAL AND IS SUBJECT TO THE PROTECTIVE ORDER ENTERED BY THE COURT IN THIS ACTION

6. The Clerk of this Court is directed to maintain under seal all documents or things which are filed with the Court under seal and which have been designated as Confidential Material. All materials kept under seal shall be available to the Court and to counsel for the parties for viewing and/or copying.

7. If any person not a Party to this Action, including without limitation any court, administrative agency or legislative body, other governmental entity, or party to any civil action, serves on a Party to this Action a subpoena or other request for the production of Confidential Material or orders production of any Confidential Material obtained by a Party, its counsel, or any other person in connection with the Action, such person shall immediately notify undersigned counsel for the Producing Party in writing of such request, subpoena, or order by delivering by hand or by telecopier a copy of such request, subpoena, or order and shall notify the person serving the request, subpoena, or order that such materials are covered by this

Protective Order. Unless, within twenty days after the Producing Party has been notified of the request, subpoena, or order, the Producing Party applies for an order from a court of competent jurisdiction precluding the Party on whom the request, subpoena, or order was served from complying with such request, the Party shall be free to produce the Confidential Material. If the Producing Party applies for such an order, the Party on whom the request, subpoena, or order was served shall not produce the Confidential Material until after the court rules on such application. This Protective Order does not require a Party to refuse to obey a judicial or administrative order such that the Party may be deemed in contempt for failure to comply with the order.

8. Confidential Material produced by the Producing Party, or any information contained therein, that is identified, discussed, or disclosed at any hearing or deposition at which testimony is taken in the Action shall be disclosed only in the presence of the court reporter and the persons described in Paragraph 3 above, unless otherwise ordered by the Court. That portion of the transcript of testimony concerning any Confidential Material produced by the Producing Party, as well as any exhibits which contain such Confidential Material, shall be designated "Confidential" by a statement to such effect on the record during the course of the hearing or deposition or within thirty business days after the transcript becomes available and shall not be disclosed to any person except as provided in this Order. Pending the expiration of such thirty-day period, transcripts shall be treated as Confidential Material in their entirety.

9. At the conclusion of the Action, including exhaustion of all appeals, all Confidential Material, and any copies, excerpts, or summaries thereof (except documents constituting attorney work product), shall be destroyed or, at the Producing Party's option, returned to the Producing Party. Counsel of record for the Receiving Party shall each certify to the Producing Party in writing within sixty days of the conclusion of this Action that all such materials have been so destroyed or returned.

10. This Protective Order shall remain in force and effect until modified, superseded, or terminated by order of the Court. Upon final termination of the Action, whether by

settlement, dismissal, or other disposition, the provisions of this Protective Order shall continue to be binding upon all persons or entities who are subject to the terms hereof, and the Court shall retain jurisdiction for enforcement of this Protective Order.

11. In the event a Producing Party inadvertently produces documents claimed to be privileged or proprietary, such documents shall be returned by the Receiving Party to undersigned counsel for the Producing Party within two days of any written request therefor, unless the Receiving Party or Parties challenge the privileged or proprietary nature of the document(s), in which case the Producing Party shall make application to the Court for return of the document(s). While such application is pending, the Receiving Party shall not use or divulge the contents of such document(s) except to the Court under seal. The inadvertent production of any document claimed to be privileged or proprietary shall not constitute a waiver of such privilege or proprietary nature.

12. It is understood and agreed that the execution of this Protective Order shall in no way preclude or constitute a waiver of the right of a Producing Party, or any Party to the Action, to raise or assert any objections heretofore or hereafter raised or asserted, including, but not limited to, defenses or objections with respect to the uses, relevance, or admissibility of any documents or their contents. It is further understood and agreed that, although counsel for the Parties have consented to the entry of this Protective Order, their consent does not constitute their concurrence with a Producing Party's characterization of documents as being proprietary or confidential.

It is so ORDERED.

Dated: November ___, 2006

______________________________
Charles F. Lettow
Judge

**EXHIBIT A**

**DECLARATION OF CONFIDENTIALITY**

I hereby acknowledge that I am to receive documents or things pursuant to the terms of the Protective Order (the "Protective Order") in *Golden Feather Realty Services, Inc. v. United States*, Case No. 06-479C (Fed. Cl.), pending in the United States Court of Federal Claims.

I acknowledge receipt of a copy of the Protective Order and certify that I have read it, and I agree to be bound as a "Receiving Party" by the terms and restrictions set forth therein.

I agree to submit to the jurisdiction of the United States Court of Federal Claims any proceedings relating to or arising from this Declaration of Confidentiality.

Signed under the penalties of perjury this ____ day of ___________ 200__.

Signed: ______________________________

Printed Name: ______________________________

Address: ______________________________

______________________________

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 2nd day of November 2006, I caused to be placed in the United States mail (first class mail, postage prepaid) a copy of the foregoing Consent Motion for Entry of a Protective Order and [Proposed] Protective Order, addressed as follows:

Leslie Cayer Ohta
Trial Attorney
Commercial Litigation Branch
Civil Division
Attn: Classification Unit, 8th Floor
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
202-307-0252
202-307-0972 (fax)

Michael J. Anstett